UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY R. ICE, | ) | CASE NO.1:14CV744 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| HOBBY LOBBY STORES, INC. | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Hobby Lobby Stores, Inc.'s Motion for Judgment on the Pleadings. (ECF # 19). For the following reasons, the Court grants, in part, and denies, in part, Defendant's Motion.

**Factual Allegations**

Plaintiff's Complaint alleges that Defendant Hobby Lobby Stores, Inc. is an Oklahoma based company that sells consumer products, including framing products and services, craft supplies, furniture and more. Hobby Lobby publishes a weekly bulletin advertising discounts on its products. The bulletin is displayed on Hobby Lobby's website, in its stores and is sent directly to customers through targeted emails, regular mail and mobile phone applications.

On March 19, 2014, Plaintiff Randy R. Ice ("Ice") went to Defendant's Medina, Ohio store and purchased a photo frame for $13.49. This photo frame was advertised in Hobby Lobby's bulletin as "always 50% off the marked price." On the receipt Ice received from Hobby Lobby for his purchase it reads "50% off (26.99-13.50)." The receipt shows Ice was charged $13.49. Ice contends this advertisement is deceptive because the product was not discounted as it was never sold at $26.99. Ice brings class claims alleging this practice by Hobby Lobby is widespread and affects substantial numbers of Hobby Lobby customers. Ice alleges claims for Violation of Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code Section 1345 *et seq.*, Breach of Contract, Breach of Express Warranty and Unjust Enrichment on behalf of himself and a class of Ohio consumers defined as:

> All Ohio residents who either online or in one of Defendant's Ohio stores, purchased a product from Defendant that was advertised as "Always X% off the marked price," "Always marked X% off," "Always marked X% off [the product]," or with other similar discount language, and where the product was not sold at the non-discount price for at least 28 of the last 90 days prior to the sale.

**<u>Defendant's Motion for Judgment on the Pleadings</u>**

According to Defendant, Ice cannot prevail on his OCSPA violation claim because Hobby Lobby did not have prior notice that its practice of advertising products as always a certain percentage off the marked price was deceptive or unconscionable. Furthermore, Hobby Lobby contends Ice fails to allege any actual damages because he did not assert the photo frame he purchased was worth less than what he paid for it nor does he assert he would have shopped around and obtained a better price for it.

Defendant further contends Ice's Breach of Contract claim fails because he cannot

2

show Hobby Lobby did not deliver on what it promised.  Furthermore, Ohio courts have held advertisements are not contracts.

Also, Hobby Lobby alleges Ice's Breach of Warranty claim fails because he cannot show he suffered an injury and no warranty was made.  Defendant contends ORC § 1302.26 does not allow breach of warranty claims for affirmations of a products value.  Also, Plaintiff never gave Defendant reasonable notice of a defect and has not alleged the product failed to perform as warranted.

Finally, Defendant argues Plaintiff's Unjust Enrichment claim fails because an express contract governs the transaction.

**Standard of Review**

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.  *Almendares v. Palmer*, 284 F.Supp. 2d 799, 802 (N.D. Ohio 2003).  Therefore, as with a motion to dismiss, the Court must test the sufficiency of the complaint and determine whether "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly*, U.S., 127 S.Ct. 1955, 1974 (2007).  Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id*.  Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised.  *Craighead v. E.F.*

*Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). A Rule 12(c) motion "is granted when ***no material issue of fact*** exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (emphasis added).

**Ohio Consumer Sales Practices Act**

Plaintiff alleges Defendant violated the OCSPA when it advertised certain products in its bulletins as "Always 50% off the marked price." Plaintiff alleges this violates ORC § 1345.02 (B)(1), (5) and (8) which read:

(A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.

(B) Without limiting the scope of division (A) of this section, the act or practice of a supplier in representing any of the following is deceptive:

> (1) That the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have;

> (5) That the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not, except that the act of a supplier in furnishing similar merchandise of equal or greater value as a good faith substitute does not violate this section;

> (8) That a specific price advantage exists, if it does not;

R.C. § 1345.09 permits a consumer to bring a civil action for such violations:

For a violation of Chapter 1345, of the Revised Code, a consumer has a cause of action and is entitled to relief as follows:

> (A) Where the violation was an act prohibited by section 1345.02, 1345.03, or 1345.031 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover the consumer's actual economic damages plus an amount not exceeding five thousand dollars in noneconomic damages.

4

> (B) Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, but not in a class action, three times the amount of the consumer's actual economic damages or two hundred dollars, whichever is greater, plus an amount not exceeding five thousand dollars in noneconomic damages or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended.

In order to bring an action for violation of the OCSPA on behalf of a class, a plaintiff must allege that Defendant had prior notice that its conduct was "deceptive or unconscionable." O.R.C. § 1345.09(B); *Pattie v. Coach, Inc*. 29 F.Supp.3d 1051, 1055 (N.D.Ohio,2014) *Johnson v. Microsoft Corp.,* 155 Ohio App.3d 626, 636 (Ohio Ct. App. 2003). To state a claim under ORC § 1345.09(B), a plaintiff must allege that "a specific rule or regulation has been promulgated [by the Ohio Attorney General] under R.C. 1345.05 that specifically characterizes the challenged practice as unfair or deceptive," or that "an Ohio state court has found the specific practice either unconscionable or deceptive in a decision open to public inspection." *Id.* at 636. "Lack of prior notice requires dismissal of class action allegations." *Pattie*, 29 F.Supp.3d at 1055 citing *Bower v. International Business Machines, Inc.,* 495 F.Supp.2d 837, 841 (S.D.Ohio 2007).

**<u>Notice</u>**

For a defendant to have sufficient notice of a deceptive or unconscionable act under the OSCPA, a plaintiff must allege that defendant's conduct is "substantially similar to an act or practice previously declared to be deceptive by one of the methods identified in R.C.

1345.09(B)." *Marrone v. Philip Morris USA, Inc.,* 110 Ohio St.3d 5, 6 (2006). "Substantial similarity means a similarity not in every detail, but in essential circumstances or conditions." *Id.* at 10. "Cases that involve industries and conduct very different from the defendant's do not provide meaningful notice of specific acts or practices that violate the CSPA." *Id.* at 9.

"Under R.C. 1345.02, unfair or deceptive sales practices are those that are likely to induce in the consumer a false state of mind concerning the product itself." *Johnson v. Microsoft Corp.* 155 Ohio App.3d 626, 636 (Ohio App. 1 Dist.,2003). "Under R.C. 1345.09(B), a class action is permitted under the Act if the plaintiff alleges that the substantive provisions of the Act have been violated, and (1) a specific rule or regulation has been promulgated under R.C. 1345.05 that specifically characterizes the challenged practice as unfair or deceptive, or (2) an Ohio state court has found the specific practice either unconscionable or deceptive in a decision open to public inspection." *Id.*

According to Plaintiff's Complaint, Defendant's advertising has been determined to be deceptive under OAC 109:4-3-1 *et seq* and the following cases: *State ex rel. Fisher v. Diamonds Columbus Inc. et al.*, Case No.91CVH043316, PIF No. 10000102; *State ex rel. Montgomery v. International Diamond Exchange Jewelers, Inc., et al.*, Case. No. 96 5380, PIF No. 10001701; *Ogden v. Intrigue Jewelers*, Case No. 881CVH117, PIF Number 10000637; *State of Ohio ex rel. Rogers v. Indoor Environmental Air Consulting, LLC*, Case No. 08 CVH 03 4028, PIF No. 10002721; *State ex rel Celebrezze v. Nationwide Warehouse & Storage, Inc.*, Case No. 90CVH086199, PIF No. 10001100; *State of Ohio ex rel. Petro v. Craftmatic Organization, Inc.*, Case No. 05-CVH-06- 06060, PIF No. 10002347.. Specifically OAC 109:4-3-04(F)(1). (Plaintiff's Complaint, ¶ 36.)

Defendant contends these cases do not constitute notice under O.R.C. § 1345.02 because they are consent judgments and therefore, are not "determinations" by a court. The federal courts that have considered this issue have held consent and default judgments are not "determinations" and do not constitute notice. See *Gascho v. Global Fitness Holdings, LLC* 918 F.Supp.2d 708 (S.D. Ohio 2013) and *Pattie v. Coach, Inc.*, 29 F. Supp.3d 1051 (N.D. Ohio 2014). These courts held that consent judgments do not support notice because they are not the court's reasoning but instead represent the reasoning of the parties themselves.

Plaintiff contests this conclusion, noting that an Ohio court found that a consent judgment sufficiently puts a defendant on Notice of a deceptive act. In *Charvat v. Telelytics, LLC,* No 05AP 1279, 2006 Ohio 4623 (Ohio App. 10th Dist 2006), the court held that "while a consent judgment may not have precedential value even within a consent judgment, 'an act or practice determined by a court' to violate the OCSPA is actionable under R.C. 1345.09(B)." However, both *Gascho* and *Pattie* considered *Charvat* and rejected its reasoning, finding consent judgments do not represent a determination by a court. This court agrees with the federal courts' reasoning and so rejects *Charvat*'s conclusions.

In *Pattie v. Coach, Inc.* 29 F.Supp.3d 1051 (N.D. 2014), a court in this district examined many of the same cases Plaintiff now cites as serving sufficient notice to Defendant that its conduct violates the OSCPA. In examining whether consent and default judgments constitute notice and, in rejecting the *Charvat* holding, the Court reasoned:

> The Court is not persuaded by the reasoning in *Charvat.* The OCSPA requires that the Attorney General shall make available for public inspection " *all* judgments, including supporting opinions, by courts of this state that determine the rights of the parties ... determining that specific acts or practices violate" the OCSPA. O.R.C. § 1345.05(A)(3) (emphasis added). Reading this broad command alongside § 1345.09, "it is clear that the reference to a court's

7

> 'determination' in § 1345.09(B) is a reference to a court's final determination, *i.e.* a judgment with supporting reasoning." *Gascho v. Global Fitness Holdings, LLC,* 918 F.Supp.2d 708, 715 (S.D.Ohio 2013). *See also Robins v. Global Fitness Holdings, LLC,* 838 F.Supp.2d 631, 649 (N.D.Ohio 2012) (rejecting reliance on consent judgments for prior notice); *1057 *Kline v. Mortgage Elec. Sec. Sys.,* 3:08CV408, 2010 WL 6298271 (S.D.Ohio Dec. 30, 2010), *report and recommendation adopted sub nom. Kline v. Mortgage Elec. Registration Sys., Inc.,* 3:08CV408, 2011 WL 1125346 (S.D.Ohio Mar. 25, 2011) (same). Consequently, the Court rejects *Charvat's* reasoning and believes the Ohio Supreme Court would as well. *Accord Gascho,* 918 F.Supp.2d at 715. The consent decrees and default judgment cannot serve as the basis of prior notice.

*Pattie v. Coach, Inc.* 29 F.Supp.3d 1051, 1056 -1057 (N.D.Ohio,2014). This Court agrees and finds the cases cited by plaintiff, to wit: *Fisher, Montgomery, Celebreeze, Petro* and *Rogers*, do not constitute notice under O.R.C. §1345.02 because they are either consent or default judgments.

Defendant argues that the remaining case, *Ogden v. Intrigue Jewelers* Case No. 881CVH117, PIF No. 10000637, does not constitute notice because it concerned a Defendant jeweler's alleged deceptive advertising of its products as "on sale" for $74.99 versus the "regular price" of $250.00. The advertisement contained a disclaimer that the regular price was a price the customer could expect to pay at a competitor's store. The Court holds this decision is not substantially similar to the " essential circumstances or conditions" found in the Complaint before the Court. Advertising an item as on sale by comparing it to a competitor's alleged price is not substantially similar to advertising one's own product as always 50% off a marked price, particularly when the *Ogden* court relied on representations that the $250.00 price alleged by defendant as a competitior's regular price was determined to be false. Furthermore, because the term "regular" price is defined under the OCSPA as the "price at which the goods or services are openly and actively sold by a supplier to the public

on a continuing basis for a substantial period of time," the Court determined there was no evidence such price was previously offered. Here, Defendant does not advertise the marked price as the regular price, nor does it represent the marked price as a price offered by a competitor. Therefore, the Court agrees with Defendant that these facts are not substantially similar to Defendant advertising its own products as always 50% off the marked price and cannot serve as notice.

Plaintiff further abandons the contention in its Complaint that OAC 109:4-3-04 provides notice. That section refers to items offered as "free," which would not apply here because Defendant did not advertise the items in question as free.

Instead, Plaintiff argues OAC 109:4-3-12(E) governs the issue. This administrative section proscribes the following conduct:

(E) Comparison with supplier's own price

>   (1) It is deceptive for a supplier in its out-of-store advertising to make any price comparison by the use of such terms as "regularly .........., now ..........," ".......... per cent off," "reduced from .......... to ..........," "save $..........," unless:
>
>   (a) The comparison is to the supplier's regular price; or
>
>   (b) If the reference price is the regular price of a previous season, the season and year are clearly and conspicuously disclosed; or
>
>   (c) There is language in the advertisement which clearly and conspicuously discloses that the comparison is to another price and which discloses the nature of the reference price.

According to Defendant, this section does not provide notice that its conduct violates the OCSPA because Defendant's advertisement uses the term "always" and "marked" price, whereas the above proscribed phrases do not. Also, Defendant's advertisement clearly

9

discloses that the price comparison is between a reference price and the sale price and discloses the nature of the reference price as the "marked price."

Plaintiff argues the above OAC section clearly puts Defendant on notice that its conduct violates the OCSPA. The marked price in Defendant's advertisement is clearly not its regular price since the product is never offered at that price. Therefore, the comparison Defendant makes in its advertising is deceptive, because the offered discount is illusory and OAC 109:4-3-12(E) puts Defendant on notice. Plaintiff refers the Court to *B. Sanfield v. Finlay Fine Jewelers*, 258 F.3d 578 (7th Cir. 2001), wherein Judge Easterbrook determined that Defendant's practice of offering jewelry at 50% off a regular price was in fact fictitious since Defendant never offered its products at the regular price. "Words such as "unfair," "misleading," and "deceptive" understate the gravity of Finlay's misconduct. "False" and "fraudulent" are more accurate labels. 16 C.F.R. § 233.1(c). The "sale" price is Finlay's regular price, so the claim that it offers a 50% *reduction* from some higher price is false." *Id* at 580. According to Plaintiff, Defendant's practice here is the exact same practice of enticing consumers with an imagined savings off a price that is in fact fictitious. Therefore, Plaintiff argues OAC 109:4-3-12(E) plainly puts Defendant on notice that its conduct violates the OCSPA.

OAC 109:4-3-12 describes its purpose and limitation.

"For purposes of this rule, price comparisons involve a comparison of the present or future price of the subject of a consumer transaction to a reference price, usually as an incentive for consumers to purchase. This rule deals only with out-of-store advertisements as defined in paragraph (B)(3) of this rule. The rule stems from the general principle, codified in division (B) of section 1345.02 of the Revised Code, that it is deceptive for any claimed savings, discount, bargain, or sale not to be genuine, for the prices which are the basis of such comparisons not to be bona fide, genuine prices, and for out-of-store

advertisements which indicate price comparisons to create false expectations in the minds of consumers."

It then contains the following pertinent definitions:

(5) "Reference price" means a higher price to which a supplier compares another, lower price for the purpose of indicating that a reduction in price exists or will exist

(6) "Regular price" has the same meaning as in rule 109:4-3-04 of the Administrative Code.

OAC 109:4-3-04 defines "regular price" as

the price at which the goods or services are openly and actively sold by a supplier to the public on a continuing basis for a substantial period of time. A price is not a regular price if:

(a) It is not the supplier's actual selling price;

(b) It is a price which has not been used in the recent past; or

(c) It is a price which has been used only for a short period of time.

The Court concludes that OAC 109:4-3-12(E) does not provide sufficient notice that Defendant's advertising constitutes a deceptive or unconscionable act under the OCSPA. Plaintiff's Complaint alleges that Defendant's discounted price is its regular price, therefore, no discount is actually offered when Defendant advertises "always 50% off the marked price." However, by clearly advertising that the discount price is "always" 50% off the marked price means the marked price is NOT the regular price. Furthermore, by advertising a product is always 50% off the marked price instead of 50% off the regular price, Defendant has not falsely claimed that the marked price is the regular price.

However, the marked price would meet the definition of a reference price. This still does not put Defendant on notice that its conduct violates the OCSPA because 109:4-3-

12(E)(1)(c) does not proscribe advertising a discount as always 50% off when the advertisement "clearly and conspicuously discloses that the comparison is to another price and which discloses the nature of the reference price." Here the advertisement discloses the discount is always 50% off another price-i.e.-the marked price- and discloses the nature of the reference price as the marked price. Because the OCSPA notice must "specifically characterize" the disputed advertisement as deceptive, 109:4-3;12(E)(1)(c)'s provision permitting such advertisements does not put Defendant on notice its advertising violates the OCSPA.

**Damages**

Even if the OAC put Defendant on notice that its advertising practice was deceptive under the OSCPA, Defendant contends Plaintiff cannot show damages because he has not alleged that the product he purchased was worth less than what he paid for it or that he shopped around and found a better price in the marketplace.

Plaintiff responds that he can show injury by showing he never received the 50% discount off the price because the marked price was not the regular price. In *Johnson v. Jos. A. Bank Clothiers, Inc.*, 2014 WL 64318, 7 ( (S.D.Ohio, 2014) the district court was asked to determine whether plaintiff had sufficiently alleged actual injury under the OCSPA. Plaintiff alleged he was the victim of a deceptive sales act when defendant offered three free suits for the price of one suit at $795. Plaintiff alleged the one suit was simply marked up to pass the costs of the free suits on to consumers. The Court rejected Plaintiff's actual injury argument. First, the court described the damages available to a plaintiff in an individual OCSPA vesus a class action for OCSPA violations. "A consumer may, in an individual action, rescind the

transaction or recover actual and statutory damages for a violation of the OCSPA. O.R.C. § 1345.09(A). Alternatively, the consumer may "recover damages or other appropriate relief in a class action under Civil Rule 23." O.R.C. § 1345.09(B).

The court then described what must be alleged to satisfy the class action requirements of 1345.09(B). "In order to maintain a class action, however, a plaintiff must allege actual 'damages [that] were a proximate result of the defendant's deceptive act.'" Johnson, at 7, *quoting Butler v. Sterline, Inc. .,* 210 F.3d 371, at *4 (6th Cir. Mar.31, 2010).

Courts define actual damages under the OCSPA as "damages for direct, incidental, or consequential pecuniary losses resulting from a violation of Chapter 1345 of the Revised Code and does not include damages for noneconomic loss as defined in Section 2315.18 of the Revised Code*." Cassidy v. Teaching Co., LLC,* 2014 WL 1599518, 5 (S.D.Ohio, 2014) citing O.R.C. § 1345.09(G).

Here, Plaintiff's Complaint alleges his damages are the amount of savings he was supposed to receive, which is 50% off the price he actually paid as opposed to the deceptive and illusory 50% savings he was given off a fictitious reference price. (Plaintiff's Complaint para 38).

Construing the allegations in the Complaint in favor of Plaintiff, the Court finds it fails to allege actual injury sufficient to support class action under the OCSPA. The terms of the advertisement here were clear that the "always 50% off of the marked price" disclosed the discount to which Plaintiff was entitled. Thus, the terms were plainly disclosed. The Seventh Circuit, in analyzing a claim under the Illinois consumer sales law, determined a plaintiff failed to allege actual injury for discounts offered on items which were deceptively advertised

13

as discounted off of the regular prices. In holding that plaintiff did not sufficiently allege actual damages the court held "In other words, the plaintiffs agreed to pay a certain price for the defendant's merchandise, did not allege the merchandise was defective or worth less than what they actually paid, and did not allege that they could have shopped around and found a better price in the marketplace." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740 (7th Cir. 2014). The court held that without some allegation concerning the true value of the good purchased, plaintiff failed to allege actual damages. This reasoning was also applied by a Southern District of Ohio court in *Johnson v. Jos. A. Bank Clothiers, Inc.* 2014 WL 64318, 7 (S.D.Ohio,2014), wherein the court held plaintiff failed to allege actual damages when he failed to allege the suits he purchased were not worth the $795 he paid. The Court finds this reasoning applies here where plaintiff fails to allege any reduced value in the frame he purchased. Without some allegation that the frame was not worth what he paid, or that he could have obtained a better price in the relevant market, Plaintiff's Complaint fails to allege actual injury in support of his OCSPA class claim and the Court grants judgment for Defendant on the class action claim.

**Breach of Contract**

Plaintiff alleges Defendant breached a contract when it failed to provide a discount off a product by instead requiring Plaintiff and the putative class pay the actual full price of the product. "Under Ohio law "[a] breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal

excuse; and the nonbreaching party suffered damages as a result of the breach."
*Transportation Ins. Co. v. Busy Beaver Bldg. Centers, Inc.* 969 F.Supp.2d 875, 885 -886 (S.D.Ohio, 2013*).* Plaintiff relies on the sales receipt as evidence of the terms of the contract.

Defendant argues the contract, as evidenced by the receipt, clearly show that Defendant provided Plaintiff with exactly what was promised-i.e. 50% off the marked price. Plaintiff points the Court to purchase receipt to show breach of the terms of the contract. Plaintiff argues the promised discount was never actually provided, however, this representation is belied by the plain language of the advertisement and receipt, both of which support that Plaintiff received, as advertised, 50% off the marked price. The receipt shows Plaintiff paid $13.49 for the frame. The receipt shows "26.99-13.50 50% off." This evidences the Plaintiff received 50% off the marked price as advertised. Plaintiff does not allege the $26.99 was not the marked price; he only alleges he never got a true 50% discount because the marked price is the regular price. His argument might hold water if Defendant had advertised 50% off regular price. Here, however, the ad simply offers "always 50% off the marked price." Those terms were clear and Plaintiff paid the money and received the frame at 50% off the marked price. Plaintiff argues in the alternative that he was promised a discount under the terms of the receipt. However, that term is not found on the receipt. Instead, the receipt as pointed to by Plaintiff as the evidence of the contract simply reads 50% off of $26.99. By the very terms of the contract, Defendant performed all its obligations it was legally required to perform-i.e. delivery of the photo frame at 50% off the marked price. Defendant's Motion for Judgment on Plaintiff's Breach of Contract claim is granted.

**Breach of Warranty**

Plaintiff's Complaint alleges Defendant created and breached an express warranty on its products when it advertised the products as "always 50% off the marked price" and failed to deliver an actual discount of 50%. Plaintiff cites to *Risner v. Regal Marine Industries, Inc.* 8 F.Supp.3d 959, 991-992 (S.D.Ohio, 2014) for the proposition that "Ohio courts have held that a seller's advertisement of its product may constitute an express warranty so long as the statement in the advertisement satisfies Ohio Rev.Code § 1302.26(A) (*i.e.,* the statement either constitutes an affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain, or the statement constitutes a description of the goods which is made part of the basis of the bargain)."

"To state a claim for breach of warranty under the UCC, plaintiff must plead that: 1) a warranty existed; 2) the product failed to perform as warranted; 3) plaintiff provided defendant with reasonable notice of the defect; and 4) plaintiff suffered injury as a result of the defect." *St. Clair v. Kroger Co.* 581 F.Supp.2d 896, 902 (N.D.Ohio, 2008).

The Court holds Plaintiff's Breach of Warranty claim on behalf of himself and a putative class fails for several reasons. First, Plaintiff cites no caselaw supporting his conclusion that an advertised discount creates an express warranty. There is no representation about the quality of the goods in question nor does Plaintiff's Complaint allege such representation. In short, Plaintiff has given no legal basis that an express warranty is created in an advertisement that makes no representation about the quality of a good but merely offers the product at always 50% off the marked price.

Furthermore, O.R.C. 1302.26(A) and (B) pertains to express warranties and expressly disclaims representations on value as creating an express warranty; "...but an affirmation

merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty."

Also, Plaintiff's Complaint fails to allege he made a pre-litigation notice of breach to Defendant. "If a plaintiff fails to plead pre-litigation notice, her breach of warranty claim must be dismissed. O.R.C. § 1302.65(C)(1) ("the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy"). St. Clair, 581 F.Supp.2d at 902.

Plaintiff failed to plead notice however, Plaintiff contends that under *Chemtrol Adhesives, Inc v. Am. Mfrs. Ins. Co*.42 Ohio St.3d 40 (1989) the filing of a complaint may serve as notice of breach. However, courts that have considered this issue post-*Chemtrol* have required pre-suit notice of breach of warranty. Therefore, Plaintiff's breach of warranty claim fails because Plaintiff failed to provide notice of breach to Defendant prior to filing suit.

Lastly, the Court holds there was no breach of warranty because Plaintiff's advertised 50% off the marked price was provided to Plaintiff.

**Unjust Enrichment**

Defendant contends Plaintiff cannot maintain an unjust enrichment claim when the transaction at issue is governed by an express contract. However as Plaintiff correctly points out, at this stage in the proceedings, Ohio law permits alternative pleading. "Yet this general bar does not prevent a plaintiff, within his complaint, from pleading both theories of recovery (breach of contract and unjust enrichment). *See* Fed.R.Civ.P. 8 (permitting a plaintiff to plead

17

any "relief in the alternative"). Thus, Plaintiff may plead both a breach of contract and unjust enrichment claim as alternative forms of relief." *King v. Hertz Corp.* 2011 WL 1297266, 8 (N.D.Ohio,2011). At this stage of the proceedings, the Court holds, Plaintiff may proceed with an unjust enrichment claim as pled in the alternative.

Therefore, for the foregoing reasons the Court grants Defendant's Motion for Judgment on Plaintiff's class action claim for violation of the OCSPA. This claim shall proceed as an individual claim. The Court further grants judgment for Defendant on Plaintiff's Breach of Contract and Breach of Warranty Claims. The Court denies Defendant's Motion for Judgment on the Pleadings on Plaintiff's class claim for Unjust Enrichment.

IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            United States District Judge

Dated: September 29, 2015